Peter Clare, et al.
vs.
Joseph T. Curran, C. T., et al.
}
Eq. No. 11191.

January 7, 1932.

BLODGETT, P. J. Heard upon bill, answer and proof.

This bill is brought by Peter Clare, Andrew Harkness, William W. Carter, Oscar Chandonnait, Jr., and F. M. Ponton De St. Germain of Central Falls, against Joseph T. Curran, City Treasurer and Collector of Taxes of Central Falls, and against the said City of Central Falls as a municipal corporation.

Complainants are tax-payers of said city and owners of real estate in said city.

The bill admits that a tax was assessed against said complainants on June 15, 1931, and no claim is made that all statutory requirements have not been followed as to such assessment. The validity of the assessment is attacked in the sixth and seventh paragraphs of complainants' bill, which are as follows:

"6. That it was the legal duty of said assessors as by statute provided to exercise their own judgment in determining the full and fair cash values of the real properties in said city and place a value on each and every parcel of real estate in said city which in their sound judgment would be the full and fair cash value of each of said parcels, and your

complainants and the other taxpayers of said city had the right to demand that said tax assessors whom said taxpayers through their representatives in the city council had placed in said office would exercise their own judgment in determining the values of the real properties in said city and that said assessors would not delegate their duty and authority to appraisers. And your complainants further aver and charge that said assessors entirely disregarding their said duty and in violation of the rights of your complainants deliberately and intentionally delegated their duty and authority to said New York appraisers, and without considering the fairness of said valuations and without the slightest exercise of their own judgment, adopted the values placed on said properties by said appraisers and assessed all of the real properties in said city at the exact figures submitted to them by said appraisers, thereby rendering said assessment illegal and void. And your complainants further aver that said assessment is illegal, null and void by reason of said violation of duty by said assessors, and that the pretended assessment does not authorize the said respondent, Joseph T. Curran, city treasurer and collector of taxes, to collect said pretended taxes from your complainants or from those in whose behalf this suit is brought, nor upon, against or out of their several estates.

"7. That it was the legal duty of said assessors as by statute provided to assess all property liable to taxation at its full and fair cash value, and your complainants and the other taxpayers of the said City of Central Falls had the right to demand that their properties be assessed by said assessors at their full and fair cash values. And your complainants further aver and charge

that said assessors in violation of their said duty and the rights of your complainants assessed all, or nearly all, of the real properties in said city greatly in excess of their full and fair cash values. That the values placed upon said properties by said assessors were unreasonable and exorbitant and bore no relation to the full and fair cash value of said properties as of June 15, 1931, the value placed upon the real properties in said city by said assessors being so far in excess of their fair cash values as to amount to a practical forfeiture and confiscation of the estates of your complainants and the estates of the other taxpayers of said city, thereby rendering said assessment illegal and void. And your complainants further aver that said assessment is illegal, null and void by reason of said violation of duty by said assessors and that the pretended assessment does not authorize the said respondent Joseph T. Curran, city treasurer and collector of taxes, to collect said pretended taxes from your complainants or from those in whose behalf this suit is brought, nor upon, against or out of their several estates."

The eighth section alleges that the assessors, in violation of their duty, assessed all or nearly all of the real properties of said city greatly in excess of their full, fair cash value, so that said assessment amounted to confiscation.

Sec. 3, Chap. 60, Gen. Laws 1923 is:

"Sec. 3. All property liable to taxation shall be assessed at its full and fair cash value."

Sec. 6, Chap. 60 is:

"Sec. 6. Before assessing any tax, the assessors shall post up printed notices of the time and place of their meeting * * * Such notices shall require every person * * * liable to taxation to bring in to the

assessors a true and accurate account of all the ratable estate owned or possessed by him * * * describing and specifying the value of every parcel of such real * * * estate, at such time as they may prescribe.

"Every person bringing in such an account shall make oath before some one of the assessors that the account by him exhibited contains * * * a true and full account and valuation of all the ratable estate owned or possessed by him; and whosoever neglects or refuses to bring in such account, if over-taxed, shall have no remedy therefor."

In *Stone* vs. *Morris*, 40 R. I. 482, where one liable to taxation has filed no return, the Court says:

"In such case it is the right and duty of the assessors to proceed to ascertain the nature and extent of such person's taxable property from the sources of information at their command and to place a valuation upon it according to their best judgment."

This is also made very clear in *Greenough* vs. *Board of Canvassers*, 34 R. I. 84, where the Court says, pages 102 and 103:

"The assessors are invested with power of appraisal which is to supersede, in the first instance, the sworn statement of the person rendering the account. Much is entrusted to their judgment and discretion. They undoubtedly have the right to consider such information as they may be able to obtain from any available source for the purpose of using their judgment in assessing and apportioning a tax upon the inhabitants of the town and the ratable property therein. And their judgment in the premises can only be reviewed upon a petition for relief from such assessment brought, under the provisions of Gen. Laws, 1909, Cap. 58, Sec. 15, by a person who has duly rendered an account."

The bill alleges that the assessment roll was made up by Poling & Avery, and signed by the assessors without the exercise of any judgment on their part. The bill also admits that the city council by resolution authorized the city solicitor in behalf of the city to make a contract with experts to revalue the real estate in said city and that in accordance with such resolution the city solicitor made a contract with said Poling & Avery to make such valuation. No question is raised as to the legality of such resolution. The testimony discloses that each parcel of real estate in said city was inspected by said Poling & Avery and the results of their inspection entered upon separate cards, and such cards filed with the board of assessors. The testimony further shows that the assessors examined such cards and exercised their judgment not only from an examination of such cards but also from their inspection of the real estate described therein, in fixing the value of such real estate. It is denied that the returns upon said cards were merely copied upon the roll.

What complainants allege in the eighth paragraph of the bill as overvaluation of their particular parcels amounting to confiscation, in the opinion of the Court amounts to an allegation that they are overtaxed. The only remedy for overtaxation is provided by statute, viz.: the filing of a return and making oath to the same before some member of the board, and a petition under Sec. 15, Cap. 60, Gen. Laws 1923.

There is a grave doubt in the mind of the Court, although the question has not been raised in this action, whether an individual taxpayer can bring an action to set aside an entire assessment of taxes made by the properly constituted authority. Apparently such action should be brought in some manner by the Attorney General in behalf of all taxpayers. In this particular case the Attorney General has in-

tervened for the State Board of Tax Commissioners, in behalf of respondents, and filed a brief.

The bill is dismissed.

For complainant: Wilson, Lovejoy, Budlong & Clough.

For respondent: J. Howard McGrath.